Case numbers 245407 and 245459, Linwood Pickens v. Hamilton-Ryker IT Solutions, or arguments not to exceed 15 minutes per side. Mr. Birch, you may proceed for the appellant. Good morning. Good morning, Your Honors. I am amazed that I have to follow Paul Clement and that group.  I'll just, you know, do better. Right. May it please the Court. I'm Rex Birch, and I've reserved three minutes for rebuttal. Less than two years ago in a case involving Mr. Clement, the Supreme Court confirmed that guaranteeing a full day's pay was insufficient to meet the salary basis test. Hamilton-Ryker purports to guarantee less than a full day's pay. He lost that case, by the way. Say again? He lost that case, by the way. Yes, I know. I was there. Hamilton-Ryker purports to guarantee less than one day's pay, but nonetheless claims to pass the salary basis test. That's despite the fact that it's been told by the Fifth Circuit Court of Appeals twice and the United States Department of Labor twice that its pay plan violates the law. Because Hamilton-Ryker's eight-hour guarantee is not payment on a weekly or less frequent basis, it flunks the salary basis test. This Court should reverse the district court's finding to the contrary and remand. That's what I want to start with. So I think you have good superfluity arguments when we look at, I'll call it Section 602, the regulation, in the context of Section 604 and trying to reconcile them all. But what I'm struggling with is the first rule of interpretation is just to look at the ordinary meaning of the text itself. And when I look at just 602A and nothing else, it strikes me that it quite clearly falls within it. It's like the employee regularly sees each pay period on a weekly or less frequent basis, a predetermined amount. So they give them $800 every week, constituting all or part of the employee's compensation. It's part of the employee's compensation, and it's not subject to reduction because of variations in the quality or quantity of the work. The $800 once you work one second is guaranteed you, and it's paid. From your introduction, this is the question I was going to ask you. I really want to hone in on this. So you think it could be interpreted on a weekly or less frequent basis, a predetermined amount, to somehow this $800 doesn't fall within that. And why is that? Because it's calculated by reference to eight hours. And eight hours, whatever it is, it is decided. So do you think this is just their counsel didn't do a good job? So what if I could come up with the same exact salary pay structure, and I would say instead of doing $800 based on $100 an hour, I'm going to pay you $800 a week. In fact, we'll make it yearly. I'm going to times 800 times 52, that's $41,000. So we're going to pay you $41,000 a year, $800 a week, and then we're also going to subtract. Instead of for a 32-hour, we're going to do 40-hour, and we're going to just give you less per hour. So it's only going to be $88 an hour. That equals the same amount of pay on a 40-hour work week. Are you okay with that? So no. So how would that not be? It would be $800 per week guaranteed, and it's calculated not based on anything with respect to hours, it's just $800 a week. So let's look at, for example, 541-604-B. I don't want to talk about it. I know you don't. I want to know why that so you have to look at 604-B in order to make that hypo fall outside of 602-A. I don't think so, but I think 541-604-B is helpful just because context matters. Context often is destiny, and when we're interpreting regulations, the point is to make them all harmonious. The Supreme Court was very clear about the fact that you can't read 602 in a way that ignores 604-B or that renders it subpoena. I would agree with that. Can I just hear him answer the why 604? I don't want to shut this down, but just let him say why 604 casts light on 602. Just say that and then go back. Here's why I think 604 is instructive, right? Because there it gives an example of what can you guarantee, right? In that instance, the person in the regulations that exist at the time, the person's making $150 a shift. They typically work four or five days a week, right? But the guarantee is 500 bucks. That's not an even multiple of the day rate, right? That's not calculated. There's nothing in the regulation that says, oh, we calculated that by using your day rate times 3.33333333, right? There's nothing that suggests that. So it has, to me, a weekly or a less frequent basis has to mean something akin to what does the employee normally earn in a normal workweek without all the extras. That's what I'm struggling with because once you find 602A ambiguous, I agree we have to look to the context, but you're adding words to 602A, what an employee makes in a normal workweek that's in 604, but I just don't see that in 602A. Well, you don't have to find 602A ambiguous to look to 604, right? What if we find it unambiguous? If I read 602A and nothing else, I think that the other side's hourly scheme falls within it. Right, but you don't get to do that, right? Like, you don't get to say, oh, hey, I'm going to read the parts that I... Words are known by the company they... I'm going to read the parts I like... Is there any interpretation of 602A? What's that? What I'm struggling with is, is there any interpretation of 602A that allows for what you are saying right now? It's hard for me to see. So, you think on a weekly or less frequent basis is it ambiguous? It is not ambiguous. Indeed, Helix talks about what that means, right? Helix itself says, when you're talking about a weekly or less frequent basis, and this is at page 52 of the opinion, right? 602 refers to a unit of time used to calculate the pay, and that unit must be a week or less frequent measure, and it cannot be a day or other more frequent measure. And again, what is eight hours here? Does it reflect what Mr. Pickens' normal work week was? Absolutely not. Does it even reflect what a normal 40-hour work week is? Absolutely not. Does it reflect what we know is sort of banker's hours, where it's 30 or 32 hours a week? Absolutely not. It is decidedly more frequent than a week under anybody's definition of a week. If you stopped any person on the street, and you just said, hey, does eight hours represent a full week? The answer would be no. So then, what really is driving your analysis then is the fact that the 800 guaranteed amount is, they admit in their own literature, is essentially an hourly pay of $100 an hour. I mean, there are 30 plans. What I'm curious about, so maybe we don't have to get to my hypo, but it's so easy for them to just reconfigure this to knock out the eight hours and just make it, they'll say it's a yearly income of $41,600. We'll pay it at the very beginning of the year, or at the end of the year, $41,000. Why isn't that satisfied by this? There's nothing under the FLSA that is controlled by the label that you give it. Let's look at Helix. If you're right, and I'm assigning it to you because we're discussing it, if you're right, the problem was that Helix admitted that it paid a day rate for every day. What it should have said was, oh, that first day, that's your weekly salary, and then you're going to get a day rate on top of that, and nothing about their pay structure would otherwise have to change. How can that be correct? I mean, the Supreme Court said, look, there are two ways in which the folks at Helix could fix this problem. One, they could shift him to a flat, what they call a flat weekly salary, for his time on the rig, that is, to cover all the time on the rig. Option two, they could add to his day rate compensation a guarantee that meets the requirements of 604B. If I'm understanding your argument or your questioning correctly, there was a third option that's available, and that third option was you just renamed the day rate, the first day rate, you just renamed that the weekly salary. I would submit that can't possibly be correct. Can I ask one question? I'm asking this partly of Judge Murphy but partly of you. Yes. But it's going both directions, because I'm just trying to understand, make sure I'm getting this. One thing that really jumps out at you in reading Helix is how often Justice Kagan just refers to what salary is in general. Yes. So, I mean, what's strange about this is 602A purports to define the word, but you can't deny in reading Helix she's going off of general definitions of salary at the same time she's got her eye on 602. And, I don't know, it's almost like it's the title problem. You know, sometimes does the title actually help inform the definition or the subsequent provision? But, you know, maybe I'm wrong about this, but that does jump out at me in the opinion. She's just like, hey, this is how salaries normally work. Even if it's true, you could manipulate around this with some other method of payment. Right. Well, look, there... Can someone come up with a way to avoid the salary basis test, right? There are clever lawyers out there, right? I'm sure that they could. This particular problem has been identified since at least the 50s, the early 50s, right? And the Department of Labor has said specifically, we don't allow this. We don't allow this kind of minimal guarantee and then hourly pay on top of that. The salary test itself is before that. The salary test is from the jump. Keep going. Salary test is from the beginning. And prior to the enactment of the very first regulations, this is from the Stein report, the folks at the Department of Labor said, okay, hey, industry, hey, unions, how do you guys understand what it means to be employed in a bona fide executive administrative professional capacity? I'm sorry to shift you, but I just noticed your clock and I just want to get to one or two other things just really out of curiosity. So the second question, you know, about is this beyond their authority to define and delimit? Yes. You know, exactly how does that work? Would you call that arbitrary and capricious review? Would you call that just authorized by law review? What is the actual, so it's not a delegation problem. What would you call what we're doing at that point? Is it arbitrary and capricious? Is it, no, no, no, no, you just have to look at the statute and is this a bona fide executive position? Is this within the range of, you know, is it arbitrary and capricious to define it this way or is it authorized by law to define it this way? How do we characterize that? I think it has to be arbitrary and capricious and I don't want to shy away from your question, but I would like to say that, you know, this test has been around for, even in its present form has been around since 2004. Hamilton Riker has been around that entire time. They never said boo about it. They've been investigated by the Department of Labor. They never raised a problem with it. It's only when they started losing that they tried to raise this argument. And, you know, after telling people, hey, we comply with the law, they've started saying it. I can't blame lawyers for trying to get their clients out from under liability, so I'm not sure what you're really communicating. I guess my point is they haven't raised an APA challenge, right? The Department of Labor, they didn't sue the Department of Labor. Instead, they've got a 71-year-old piping inspector who they're saying, oh, wait, we need to litigate this constitutional issue to decide whether or not you were paid on the salary basis that we say we complied with. I don't think it's a constitutional issue. I think it's just, is this what... Do you have authority to... I mean, you don't have authority to say day is night. The Department of Labor doesn't have that authority, and I think they're saying... I mean, Justice Kavanaugh clearly is hinting at this. That's two justices at the court that think there's something to it. So, anyway, you'll get your full rebuttal. Let's hear from the other side. And thank you very much for answering our questions. Good morning, Your Honors, and may it please the Court. My name is Ashley Grant, and I'm here on behalf of the appellee slash cross-appellant Hamilton-Riker IT Solutions, LLC. Real quickly, what's the standard of review on this second point of whether the salary test in reasonable relationship, is that authorized for the Department of Labor to do? Would we call it arbitrary and capricious? How would you describe it? I think it would go to the Court of Appeals to the standard of review, not arbitrary and capricious, because at the end of the day, as the Court explained in Looper Bright, you have to, whether or not the statute is met or what falls within the statute, here it would be 213A1, the EAP exemptions, whether or not you're the ones that make that ultimate decision as to whether Hamilton-Riker has established those exemptions. Now, while the DOL has... This is a little different here, because the statute itself is telling the agency to define and delimit. And it's almost like it's akin to directing the agency to find facts. It really could be a filling in the details kind of scenario. It's like, you know, we've laid out a rule that there's an exemption for executive, administrative, whatever, and based on your knowledge, agency, of what's going on, you set the parameters for what those words mean within certain limits. And the question is how we review that. That's not like your classic Looper Bright question, because they've told the agency to make a fact-bound determination, basically, or fact-informed determination, as opposed to the agency's reading language to have a certain legal meaning, and we then come in and say, well, we're doing that de novo. So isn't it different than just your classic... I mean, Looper Bright talks about this alternative scenario. Yes, and you're right. It is different than Looper Bright in so much as it's not challenging the constitutionality of the statute. However, here, keep in mind that, yes, as you pointed out, the define and delimit, that authority that was granted to the DOL, it's not unlimited. And it still has to be rationally related to the text of the statute. Is that rationally related? Is that in your test, rationally related? DOL and Mayfield via DOL, the Fifth Circuit Court, actually pointed out, with respect to the salary basis test, that there still has to be some rational relationship between the regulations. Okay, but under 706, to kind of get back to the original inquiry, wouldn't this be arbitrary and capricious review rather than some other part of it? Well, I think at the end of the day, the ultimate goes down to you have to look at the words... The ultimate question is, do we... Yes, contrary to law. Well, that's the same provision. Yes, and here, contrary to law, the law here is the FLSA, and it's that 213A1 statute. So the ultimate question for the court to decide is whether or not Hamilton-Rikers patient... Why is it contrary to law or whatever the test is? I mean, this is about hourly work. It's about overtime, usually compensated or calculated based on hours worked. Salary is the opposite. So I realize when it says bona fide executive, the word salary doesn't appear there. It does appear in an exemption. I get that. But it doesn't seem that far away. It doesn't seem that outrageous to think salaried workers is a synonym for white-collar professionals. I mean, of course, that phrase isn't even in the statute. But why isn't salary and bona fide executive fairly synonymous? It seems intuitive to me. Am I missing something? I think at the end of the day, though, that the actual determining factor is the duties. Whether or not someone fits within the exemption must turn on the duties. We know duties is relevant, and the question is whether that's it. And I'm just trying to say, why would you say that's it? In a statute that talks about time and a half, which is done time and a half off of something hourly, exemptions would relate to not hourly. I mean, would it be okay if they just called it not hourly throughout the statute? Because not hourly means salary. Yes, and here, though, our contention is that they were paid a guaranteed salary. Ultimately, looking at 602A, a salary is a guaranteed amount that you are earned regardless of the hours worked. I want you to go back to that argument, but I'm just trying to deal with your argument about the regulations being illegitimate going back to 1938. Well, first, the regulations, the reasonable relationship test in 604B did not go back to 1938. That was adopted in 2004. So you're okay with the salary test, but not okay with the reasonable relationship gloss on that? Yes, I think so. I think there's no actual relationship between... I don't want to cut you off, but I also don't want you to destroy your case. I think once you say salary is okay, it does seem like they're going to have some authority to talk about how that works. I'm with you. Reasonable relationship is getting way out on a limb, but I'm just not sure it collapses the limb. That's what I can't figure out. I agree it doesn't collapse the limb, but even with the salary test, even the 602 and the ultimate, going back to 1938, it was the $200 or, I believe, $100 on a salary basis. That's where the inquiry ended. In those pre-2004 cases, talk about the definition of what's a salary very much mirrored what 602A is. It's you receive a guaranteed amount regardless of how much you work, which is what their pay structure here works. That's not the scenario they envisioned. If we go back to... Let's actually talk about the statute. The statute says, okay, employee employed in bona fide executive, admin, or professional capacity. If we had a reg that, in doing the defining and delimiting, came to us and said, okay, any employee who gets paid for the equivalent of a guaranteed eight hours during a work week is thereby a bona fide executive, we'd throw it out as arbitrary, capricious, contrary to law, whatever. In other words, it seems to me, and you can tell me why I'm wrong, it seems to me that the reading that you're advocating of the reg would be one that we would say is arbitrary as a means of determining whether the statutory test is met. Going back to the whole introduction of why even the initial salary level was found to be in line with the purpose, it was because the DOL took the position that employees that earn higher wages, wages are indicative, the amount of wages, your total compensation is indicative of you performing exemption duties. There is a relationship. Higher wages means you're performing duties. Eight hours. I mean, let's stay on my question. It's eight hours of what this person undisputedly makes on this record. It's just eight hours of his pay that he's guaranteed. Why would any court say, that's a really strong indicia or criteria or whatever, that he's an executive? I think it goes to what Justice Kavanaugh pointed out, that how is the method or someone's calculated, how is that indicative of someone's duties? While the amount that someone earns may be indicative because usually exemption duties... Well, I think Justice Kagan pointed out that you have two routes, 602A and 604B. She pointed out that the main purpose of the salary is that you have an amount that changes. You know that when you show up to work and you work any amount, you have at least an understanding of what minimum amount of wages, a consistent amount, you're going to get throughout each week. That's present here. Mr. Pickens knew he was going to earn $800. Now, the additional... Still an executive? Excuse me? What if it's $50? I mean, the company could easily write it that your first 50 bucks, you get the minute you walk through the door. 50 bucks for the week. So, now that person's an executive? No, because that's a lower amount that doesn't meet that salary level, which is different than the salary basis. Oh, you had to get some minimum? Yes, yes. There's a salary level and a salary basis. That's a different reg, though, isn't it? It is, it is. Correct, yes. And the reason why the salary level has been consistently found to be consistent with the regulations or with the whole purpose of the statute is, again, because higher earners are the ones that typically are going to be performing those duties that are akin to any of the administrative executive professionals. Why wouldn't we say... Setting aside my hypo about just a set income for annual income, it's undisputed that the income here was calculated based on the hourly rate. Why isn't that enough? And hours worked. And hours worked. Eight hours worked at $100. Why isn't that enough to make it like Helix, that it's calculated that way? Well, his total compensation might have been based on the hours worked, but the salary itself was not, as you noted in the questions here. I thought even the guidelines said your salary is going to be determined at your hourly rate times eight hours. Yes, that was how the total was. But if Mr. Pickens worked a minute, as you pointed out during my colleague's original argument, if he worked a minute, he got $800. It wasn't hourly, because if he worked a minute, it would have been $100 if he was actually paid hourly. The salary itself was not hourly. The salary itself did not change. The total compensation did, but at the end of the day... A salaried executive, if they're sick, doesn't change pay. It changes pay here. Why isn't that a really significant contrast? Well, first, it matters how long he was sick. So if you look at 602C, which discusses deductions for salaried employees, if a salaried employee... But, I mean, let's just talk about Pickens. I mean, if he doesn't work, he doesn't get paid. If he doesn't work a single minute, he's not entitled to a salary. That doesn't matter. That's under both 602A or 604. No, but, I mean, it's a five-day week. He's guaranteed this one day, the eight hours. He doesn't work Wednesday. He doesn't get paid. But he still gets his $800 if he works one minute. If he works one minute on Monday, he gets his salary, even if he's sick. That's permitted even under 502C. I mean, this just gets to the... What I feel like... I hate to use the word spirit, but the spirit of the Kagan opinion is just like, that's not a salary. She just keeps saying that. That's not what the word salary means. It's the US Supreme Court. What am I supposed to say? Don't write it this way? I mean, she just keeps saying it. There's nothing in the statute or the regulations that state that you're entitled to a salary in any week you don't work. The salary entitlement is to any work week in which you actually work. That's the under 602 as well. If you do not work in a work week, any salaried employee is not entitled to their salary. The key to trigger that salary payment is to work, whether it be one minute or one day. That's why I'm puzzled. That's why I think the contrast in my head is a five-day week, and in one setting, salaried, you're very likely to be... It's not going to make a difference if you can't work Wednesday. In this case, even though you're guaranteed to 800, you're losing by being sick on Wednesday. It's clearly true. The sickness cut your pay, right? That is true in this case. It did not because it cut his total compensation but not his salary. That's what I mean, pay. There's a difference. If total compensation and salary are the same, then that would entirely read out even 604B. The idea is you have a guaranteed amount any work week in which you work. If we're talking about reading out, I think the basic problem here is that this appears patently to be a circumvention of the statutory overtime rule. If they can do this, it's going to read overtime out of the statute. That's the headwinds that you're facing, I think, at least speaking for myself. I would disagree only so much. The whole purpose of a salary is you have to be guaranteed a certain amount, and they were. You ask somebody on the street what they think salary means, and it's more than that. It's not just guaranteed the equivalent of a day's work. But there's nothing here that would say that the eight hours was even a day's work. Remember, first off, eight hours is nowhere in the statute. A day is defined nowhere in the statute. Even work week is not defined as five days. As a matter of ordinary meaning, I guess this is what Justice Kagan is doing. If you ask somebody, you say, okay, this person, their earnings for working full-time are $100,000, 2,000 of which is guaranteed. Is that person paid on a salary basis? And everybody would say no. And that's kind of where we're at here. But I think at the end of the day, he listed for you two ways to establish the salary basis test, 602A and 604B. They're totally independent rounds. You can either establish one or the other. Under the clear language of 602A, while you may not agree with the statute in general principle, as Judge Murphy established and walked through, this pay scheme meets the elements of 602A. Judge Campbell pointed that as well. Wasn't that just as true in Helix? No, because there was not a guaranteed amount on a work week. Ignore the word salary, ignore 604. Just look at this literally. It should have come out the other way. If all you're allowed to look at, not the surrounding context, not the word salary, just 602A. Wouldn't it have come out the other way? I don't think so because the day rate he had to work a day to be able to get that. Here the practice was you get it for any work week. I didn't agree with you there, but I thought counsel made a pretty compelling point on the other side that he talked about the two options and there would have been a hidden third option in Helix of just changing it from $600 per day to $600 per week as long as you work one minute of the week. Isn't he logically correct that that has to be a third option under your view? Do you see my point? The daily rate equals the weekly rate. Yes, the $600 is paid every day that you work. And all they would have to do to fix that is to say the $600 is paid a guaranteed weekly rate as long as you work one minute. I think that would fit under the 602A statutory definition. I don't think it's a third option. I think it falls under 602A. It doesn't matter when you get the money? I think it matters... It's the whole receives debate. No? Am I missing it? I think receives, their argument went into the fact of when the paycheck was actually made. Here, though, it's in advance. You know that when you're going to work a single moment, you're automatically going to be earning that amount of salary. All right, well, thank you very much. I appreciate your argument. Do I have one second? I do want to point out that if the court does decide that 604B would apply, that's not the end of the inquiry here. It would have to be remanded to the district court because Hamilton and Riker also moved on the issues of liquidated damages and willfulness, which had not been addressed because 602A was met. All right, thank you very much. Thank you. Judge Sutton, you asked my colleague whether or not she was okay with 602 but not okay with 604. And my understanding of her answer was that she was okay with 602. But 602, what we call the standard salary basis test, has been around for a long time. And this court ruled back in 1993 that, quote, employees are not paid on a salary basis if the predetermined amount is so far below their actual compensation calculated on an hourly basis that the minimum is nothing but an illusion. Here, Mr. Pickens' pay was every single week that he worked for more than a year was always determined by the number of hours he worked times his hourly rate. His guarantee never once came into play. Indeed, in all 1,659 work weeks that were analyzed at some point during this case, the only time it ever came up was once. Rounded to a whole number and expressed as a percentage, that's zero. Zero percent of the time this guarantee came into play. If we're talking about what's a bona fide good faith effort to classify somebody as an exempt executive, this ain't it. I would like to just point out, and another point is, we talked about does this provide the protection that's envisioned by the salary basis test. If we know... What was your reaction to just the intuition that, gee, I'd like all of my children to get this hourly job, $250,000 a year. It is a little counterintuitive. If we're going to talk about intuitions about what salary is, we should talk about intuitions of when you get time and a half. What does one do with that? I suspect the district court had that intuition. I know that to be the case. When I was here in the Hughes v. Gulf Interstate case, I got that from a member of that panel. The guy made, I think, $180,000 a year. That's years ago. Why isn't that enough on its own? But that's not how we have defined executive administrative professional employees. It's not just, oh, you make this much money. I will tell you that Mr. Gentry's depot is in the record. You can see it. He made a similar amount working for Hamilton Riker. He's never had another job where he didn't get time and a half for overtime. This is the nature of this industry, that they are relatively highly paid because it's dangerous and kind of dirty work. Why do they meet the duties test? I mean, you concede it, but it doesn't strike me as a typical job. I'm just going to concede something, like my friend Ed Sullivan, who represented Mr. Hewitt. He's a defense lawyer, and he's like, why would I screw with all this duties stuff when I've got them on the salary basis test? That's kind of how this case evolved. Real quick, Mr. Pickens is the only named plaintiff in the case, right? He is the only named plaintiff. The district court has not made any determination that other potential plaintiffs are similarly situated to Mr. Pickens? That's right. Would you agree under the plain terms of Clark that Mr. Pickens is the only party in this case as it comes to us? I think that has to be right. And that would be different. I mean, 216B obviously has a similarly situated requirement. The statute of limitations provision 256 does not have that limitation, doesn't require similarly situated. So I think those are different inquiries, but I agree with you. Okay. All right. Thank you. Thanks very much to both of you for your helpful briefs and excellent arguments and for answering our questions, which we always appreciate. So thank you so much. The case will be submitted. Thank you all very much. May adjourn court.